**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANDREZJ BOBEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> U LIGHTING AMERICA, INC., ) <br> U LIGHTING GROUP CO. LTD., and ) <br> VENUGOPAL ASHOKKUMAR ) <br> a/k/a ASHOK KUMAR, ) <br> ) <br> Defendants. ) | Case No. 12 C 6064 |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Andrezj Bobel has sued U Lighting America, Inc. (ULA), U Lighting Group Co., Ltd. (ULC), and Venugopal Ashokkumar a/k/a Ashok Kumar to recover damages for their alleged infringement of his patent, U.S. Patent No. 5,434,480 (the '480 patent). ULA and Kumar have moved to dismiss for lack of personal jurisdiction. For the reasons set forth below, the Court denies their motion.[1]

**Facts**

The Court takes the following facts from Bobel's complaint and the parties' submissions on the motion to dismiss, including declarations submitted by both parties and various exhibits.

---

[1] Defendants do not distinguish between ULA and Kumar for purposes of the present motion. Because Kumar states in his declaration that he is the president and sole employee of ULA, the two are appropriately treated the same for purposes of the present motion. The Court will use "ULA" to refer to both the entity and Kumar.

Bobel has designed and developed energy saving lighting products for over twenty-five years. He resides in Lake Forest, Illinois. Bobel owns title to sixty patents, including the '480 patent at issue today.

Kumar founded ULA eight years ago. ULA is a corporation with its principal place of business in San Jose, California. It sells dimmable compact fluorescent lamps (CFLs) to various customers on an as-needed basis. U Lighting is not licensed to do business in Illinois and does not have in this state an agent for service of process or any other agents, offices, sales representatives, or employees.

Bobel alleges that ULA engages in significant business activities in Illinois and thus is subject to personal jurisdiction in this state. ULA has made a total of five shipments over thirteen months to Greenlight Lighting Corp., a private distributor based in Quebec, Canada. The Greenlight orders included over 76,000 allegedly infringing CFLs and accounted for approximately 1.2% of ULA's gross revenue. ULA shipped the Greenlight orders to a location in Wood Dale, Illinois. ULA has also made a total of seventy-nine shipments over four years to Feit Electric Co., a private distributor based in California. Feit distributes CFLs across the United States, including to the Home Depot store located at 4555 S. Western Blvd, Chicago, IL 60609.

## Discussion

Once a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 548 (7th Cir. 2004). The plaintiff need only make out a *prima facie* case of personal jurisdiction. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). Courts resolve disputes in evidence in the plaintiff's favor. *Id.*

at 782, 783.

In a diversity case like this one, the plaintiff must show that a court in the forum state (here Illinois) would have jurisdiction over the defendant and that the exercise of jurisdiction does not violate the defendant's due process rights. *See Jennings,* 383 F.3d at 548–49. In Illinois, these requirements merge, because Illinois' long-arm statute permits a court to exercise personal jurisdiction on any basis permitted by the Illinois and United States Constitutions. 735 ILCS 5/2–209(c). The Seventh Circuit has found no "operative difference" between state and federal due process in this regard. *Kinslow v. Pullara,* 538 F.3d 687, 691 (7th Cir. 2008). For this reason, the Court focuses on federal due process requirements.

A court may exercise personal jurisdiction over a non-resident defendant if it has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). More specifically, a court may exercise personal jurisdiction over a defendant consistent with due process if "the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of [the forum state's] laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). A defendant that purposefully avails itself of the privilege of conducting business in the forum state should "reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

In a patent infringement case, a court determines personal jurisdiction over a nonresident defendant by applying the law of the Federal Circuit rather than that of the

case's regional circuit. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). The Federal Circuit applies a three-part test to determine whether exercising specific jurisdiction over the defendant comports with due process: (1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether plaintiff's claim arises out of or relates to those activities; and (3) whether asserting personal jurisdiction is reasonable and fair. *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362-63 (Fed. Cir. 2006).

ULA contends that it is not subject to jurisdiction in this forum because it shipped the accused CFLs to Wood Dale, Illinois at Greenlight's request. ULA does not deny that it shipped its allegedly infringing products directly to Illinois. The law does not treat an alleged infringer's shipment of infringing products into a state differently for jurisdictional purposes simply because an out-of-state distributor asked that the products be shipped to the state. Rather, the making of the shipments tends to be determinative. In *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994), the Court found personal jurisdiction to exist where the defendants purposefully shipped accused fans into Virginia. The court concluded that because the shipments gave rise to the claim of patent infringement, "no more is usually required to establish specific jurisdiction." *Id. See also Vice v. Woodline USA, Inc.*, No. C 10-04103 CW, 2011 WL 207936, at *4 (N.D. Cal. Jan. 21, 2011) ("[s]everal courts have concluded that specific jurisdiction is appropriate over a defendant that sells allegedly infringing products through its website and ships them to the forum state"); *Golden Trade, S.R.L. v. EV. R., Inc.*, No. 4:06CV1033 HEA, 2007 WL 3071984, at *4 (E.D. Mo. Oct. 22, 2007) (finding personal jurisdiction to exist where defendant directly shipped

4

the accused garments into the forum); *Langeman Mfg. Ltd. v. Pinnacle West Enters., Inc.*, 524 F. Supp. 2d 1112, 1119 (W.D. Wis. 2007) (finding personal jurisdiction to exist in Wisconsin where defendant shipped the accused product there from California); *Caddy Prods., Inc. v. Greystone Int'l, Inc.*, No. Civ. 05-301 JRLFLN, 2005 WL 3216689, at *2 (D. Minn. Nov. 29, 2005) (finding personal jurisdiction appropriate where defendant intentionally shipped at least one accused product to Minnesota, and thus "purposefully directed activity towards Minnesota").

ULA relies primarily on *Grober v. Mako Prods., Inc.*, 686 F.3d 1335 (Fed. Cir. 2012), and *Hawaii Airboards, LLC v. Nw. River Supplies, Inc.*, CIV. 11-00651 SOM, 2012 WL 3286073 (D. Haw. Aug. 9, 2012), to support its theory. Those cases, however, involved materially different facts. In *Grober*, one of the defendants rented movie equipment to California customers and also shipped an unspecified amount of unrelated products to California. *Grober*, 686 F.3d at 1347. The plaintiff did not show, however, that the defendant shipped any of the accused products to California. *Id.* In the present case, by contrast, defendants shipped the accused product directly to Greenlight in Illinois. In *Hawaii Airboards*, defendant shipped a single exemplar of the accused product into the forum for recreation purposes. *Hawaii Airboards*, 2012 WL 3286073, at *7. The present case involves a materially different set of facts: defendants shipped over 76,000 exemplars of the accused products to Greenlight, for commercial purposes.

ULA also argues that the five Greenlight shipments do not support personal jurisdiction because ULA lacked knowledge or control over Greenlight's distribution. This Court agrees with the court in *Vice,* which directly rejected a similar contention.

5

*Vice*, 2011 WL 207936, at *3-4 ("Defendant appears to read *Beverly Hills Fan* to condition specific jurisdiction on a party's control or ownership of the distribution network that delivered an allegedly infringing product to the forum state. No such requirement exists."). *See also Honeywell, Inc. v. Metz Apparatewerke,* 509 F.2d 1137, 1144 (7th Cir. 1975) ("[d]ue process does not "allow a manufacturer to insulate himself from the long arm of the courts by using an intermediary or by professing ignorance of the ultimate destination of his products"); *Beverly Hills*, 21 F.3d at 1564 ("[F]rom these ongoing relationships, it can be presumed that the distribution channel formed by defendants and Builder's Square was intentionally established, and that defendants knew, or reasonably could have foreseen, that a termination point of the channel was Virginia"); *Vishay Dale Elecs., Inc. v. Cyntec Co.*, No. 8:07CV191, 2008 WL 281686 (D. Neb. Jan. 29, 2008) (finding personal jurisdiction appropriate because the defendant had sold its accused product to a single customer located outside the forum who then resold the products through the nation including the forum, creating an "effective distribution channel," even though the defendant did not control how its customer resold the accused product).

Bobel has an interest in obtaining relief for his injuries in Illinois, where he lives and where the injuries occurred. Illinois likewise has an interest in ensuring that its injured citizens may obtain redress here and in applying its products liability laws. *See Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945-46 (7th Cir. 1992). It serves judicial economy to adjudicate the case where the injury occurred, given the likely availability of evidence and witnesses in Illinois. *See id.*

Finally, the Court must determine whether Bobel's claim arises from or is related

6

to ULA's relevant contacts with Illinois. Bobel alleges that the products that ULA shipped to Greenlight infringe his patent, and thus his claims arise from ULA's relevant contacts here. *See Langeman Mfg.*, 524 F. Supp. 2d at 1117 ("[w]hen the tape was delivered to the Wisconsin customer as a result of defendant's sale, plaintiff suffered an 'injury' in this state").

## Conclusion

For the reasons stated above, the Court denies defendants U Lighting America, Inc. and Kumar's motion to dismiss [docket no. 23].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 12, 2013