IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREZJ BOBEL, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. 12 C 6064 |
| U LIGHTING AMERICA, INC., U LIGHTING GROUP CO. LTD., and VENUGOPAL ASHOKKUMAR a/k/a ASHOK KUMAR, | ) |
|         Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Andrezj Bobel has sued U Lighting America, Inc. (ULA), U Lighting Group Co., Ltd. (ULG), and Venugopal Ashokkumar a/k/a Ashok Kumar to recover damages for their alleged infringement of his patent, U.S. Patent No. 5,434,480 (the '480 patent). The Court previously denied ULA and Kumar's motion to dismiss for lack of personal jurisdiction. *See Bobel v. U Lighting Am., Inc.*, No. 12 C 6064, 2013 WL 535553 (N.D. Ill. Feb. 12, 2013).

ULG has moved to dismiss for lack of personal jurisdiction and insufficient service of process. ULG is a Chinese company with its principal place of business in Shenzhen, China. It exports products to the United States, through ULA, its sole distributor. ULG sometimes ships products directly to the purchaser, at the direction of ULA. ULG has no employees or agents in the United States, nor does it have an office in this country.

Bobel served ULG by delivering the summons and complaint to Kumar, who lives in San Jose, California. Kumar is the president of ULA. Kumar has testified in other proceedings that ULG is one of three shareholders of ULA. ULG's website says that ULA is ULG's "U.S. office," and it identifies Kumar as the contact person, listing ULA's address. ULG is in frequent contact with ULA. Both Kumar and ULG's president, Ning Lu, have stated in affidavits, however, that Kumar is not an owner, director, officer, or shareholder of ULG and that ULG has not authorized him to accept process on its behalf. ULG has no other agent in this country that it has authorized to accept service of process.

ULG's actions are sufficient to confer personal jurisdiction over it in this district. Bobel has offered evidence that ULG itself shipped allegedly infringing products directly to Greenlite Lighting Corp. in Illinois. Although ULG appears to have done this at ULA's direction (ULA, in turn, having acted pursuant to Greenlite's direction), ULG's shipments of infringing products into this state are sufficient to confer personal jurisdiction, for the reasons described in detail in the Court's decision denying ULA and Kumar's motion to dismiss. See Bobel, 2013 WL 535553, at *2-3.

Bobel's service of summons upon Kumar was, however, insufficient to constitute proper service upon ULG. The Court agrees with plaintiff that Kumar's refusal to sign for the summonses is of no consequence. It is undisputed that the process server handed the summons to Kumar; he insisted on signing for it and refused to take it when the process server said that no signature was needed; and the summons was then left at his residence. See, e.g., Novak v. World Bank, 703 F.2d 1305, 1311 n.14 (D.C. Cir. 1983); Heritage House Frame & Moulding Co. v. Boyce Highlands Furniture Co., 88

F.R.D. 172, 174 (E.D.N.Y. 1980). *See also Currier v. Baldridge*, 914 F.2d 993, 995 (7th Cir. 1990).

Bobel argues that service on ULG via Kumar was appropriate under Federal Rule of Civil Procedure 4(f)(3). Rule 4(f)(3) says that service may be accomplished "at a place not within any judicial district of the United States" by, among other things, "means not prohibited by international agreement, as the court orders." Despite the initial language just quoted, the Federal Circuit has held that the rule permits a court to direct service of a foreign entity within the United States. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239-40 (Fed. Cir. 2010). But Rule 4(f)(3) expressly requires advance authorization by a court (that is what occurred in *Nuance Communications*), and Bobel did not seek or obtain advance authorization. *See Nuance Commc'ns*, 626 F.3d at 1240 ("As obvious from its plain language, service under Rule 4(f)(3) must be . . . directed by the court . . . ." (internal quotation marks omitted)). The Rule does not authorize the Court to retroactively approve service of ULG via ULA or Kumar.

The Court does not rule out the possibility that it might authorize service on ULG via Kumar / ULA under Rule 4(f)(3), but any such determination must await the filing and determination of an appropriate motion by Bobel.

For the foregoing reasons, the Court dismisses the claims against U Lighting Group Co., Ltd. without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 16, 2013